IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HEALTHCARE SERVICES GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 314-001 |
| LOWER OCONEE COMMUNITY HOSPITAL, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's motion to compel discovery from Plaintiff. (Doc. no. 26.) Having considered the briefs and conducted a phone conference on August 27, 2014, the Court **GRANTS IN PART** Defendant's motion for the reasons stated below.

I. BACKGROUND

Plaintiff Healthcare Services Group, Inc. ("HSG") provided cafeteria, housekeeping, and laundry services to Lower Oconee Community Hospital during the period of January 10, 2010 to November 15, 2013, pursuant to two contracts. HSG filed the instant action on January 3, 2014, alleging that the hospital failed to pay multiple invoices under both contracts for the service period of February 2013 to November 15, 2013. (Doc. no. 1.) In its original answer, the hospital admitted liability for nonpayment but denied without explanation paragraph 16 of the complaint, which alleges as follows:

"As of the date of filing this complaint, the total outstanding amount due to [HSG] from [the hospital] is $126,343.14." (Doc. nos. 1, 7.)

On May 8, 2014, the presiding District Judge granted the hospital leave to amend its answer with the restriction that the hospital "shall not plead any defense or allegation that contests its liability under the contracts at issue but may only plead those allegations and defenses that bear on the amount of damages that Plaintiff is entitled to." (Doc. nos. 16, 21, 23.) In its amended answer, the hospital asserted in affirmative defenses that HSG did not fully perform the contracts, breached the contracts, overcharged and/or double billed for supplies, and conspired with hospital agents and employees to overcharge the hospital.

On July 21, 2014, the hospital moved to compel production of (1) invoices, bills, statements, and other documents submitted by HSG for payment during the contract periods; (2) documents concerning the collection and deposit of monies collected by HSG for meals purchased by employees and visitors of the hospital; and (3) testimony of a designated representative under Fed. R. Civ. P. 30(b)(6). (Id. at 28.) HSG asserts that (1) the requests fall outside of the scope of the case as defined by the May 8 Order; and (2) the documents concerning collections and deposits of meal purchases largely do not exist, and HSG has already produced all such documents in existence. (Doc. no. 27, pp. 10-12.)

## II. DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to

2

lead to the discovery of admissible evidence." Under the federal rules, relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, Republic of Ecuador v. Hinchee, 741 F.3d 1185, 1189 (11th Cir. 2013), and "[w]hen there is a doubt over relevancy, the court should still permit discovery," Coker v. Duke & Co., 177 F.R.D. 682, 685 (M.D. Ala. 1998).

Here, the May 8 Order permits the hospital to contest the amount of money it owes under the contracts. The hospital did so in its amended answer by contending that HSG overcharged and/or double billed for supplies and conspired with hospital agents and employees to overcharge the hospital. HSG conceded in its response brief that the hospital's defense as to being overcharged and/or double billed for supplies is within the scope of the May 8 Order. (Doc. no. 27, p. 12.) It is reasonable and proper for the hospital to request copies of all invoices generated during the contract terms because these documents bear directly on how much the hospital owes and whether HSG overcharged or double billed. Importantly, HSG conceded during the phone conference that the invoice documentation is neither voluminous nor burdensome to produce. Indeed, counsel for HSG already has the responsive documents in hand and represented that HSG could produce them easily within one week of the phone conference. For all of these reasons, the Court **GRANTS IN PART** Defendant's motion and compels production of all invoices, bills, statements, and other documents submitted by Plaintiff to Defendant for payment since the inception of the contracts.

When informed during the phone conference that the Court would compel production of the aforementioned documents, counsel for the hospital withdrew the motion as to all remaining discovery items for the time being. The hospital may refile a motion to compel with respect to these items if (1) the hospital determines that it needs these items upon review of the invoice documentation; and (2) the parties fail in renewed efforts to resolve in good faith any disputes regarding these discovery items.

III. CONCLUSION

Defendant's motion to compel is **GRANTED IN PART**, (doc. no. 26). Plaintiff shall produce the invoice documents described above by the close of business today, as promised during last week's phone conference, or at the latest by Friday, September 5, 2014.

SO ORDERED this 3rd day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA